## Houck v. Houck

*L. E. Enterline*, for petitioner.
*P. B. Roads*, for respondent.

HICKS, P. J., December 23, 1935.—By deed dated November 26, 1932, and recorded on December 21, 1932, in

Deed Book no. 572, page 81, Edward Houck, defendant in the fi. fa. execution, conveyed to George Unis 371 acres of land in Rush and Delano Townships, this county. At the time of the conveyance, a judgment for $181 at no. 673, May term, 1931, was a lien on the granted premises, the plaintiff therein being a sister of the defendant. To no. 428, January term, 1934, the said Edward Houck brought an action in ejectment against his grantee for the land conveyed, which resulted in a verdict for George Unis at the May term, 1934. A motion for a new trial was made promptly by Edward Houck, the plaintiff. While this was pending, Anna Houck, his sister, issued execution on the above judgment without notice to the owner, George Unis, and after advertisement of sale of said land as the property of Edward Houck and not George Unis, the sheriff sold it, on August 11, 1934.

At the sale the property was bid up to $2,100 and, although the sheriff was tendered the full amount of the debt, interest and costs of the execution by George Unis, he refused it, making necessary the purchase of the land by deponent for $5,425. Prior to the receipt of any bids, Unis gave public notice of his real ownership and claimed the proceeds of the sale over and above costs and encumbrances prior to his deed. On December 3, 1934, the motion for a new trial was refused Edward Houck in the ejectment case and judgment was directed to be entered on the verdict upon payment of the jury fee, which was paid. The appeal period has long since passed, so the title of Unis has been judicially determined. Unis therefore is the owner of the property in question, not only because of his purchase from Houck in 1932, but also by virtue of a court judgment in 1934 and purchase at sheriff's sale in 1934. He offered the sheriff the amount of the lien debts, interest and costs, $971.54, and a receipt as purchaser and owner for the equity in the amount of $4,453.46, but the sheriff refuses to accept the receipt, demanding payment of the whole sale price of $5,425. Because of this, a rule issued against the sheriff, execu-

tion creditor and debtor to show cause why the sheriff should not accept the receipt.

The respondents in the rule contend that the sheriff is under no duty to accept the receipt, since George Unis, the purchaser, is not a lien creditor, and cite the Act of April 20, 1846, P. L. 411, 12 PS §2511. This act, in section 1, provides that, whenever the purchaser of real estate at a sheriff's sale shall appear from the proper record to be entitled, as a lien creditor, to receive the whole or any portion of the proceeds of said sale, it shall be the sheriff's duty to receive the receipt of such purchaser for the amount which he or they would appear, from the record as aforesaid, to be entitled to receive.

It has been held that this act applies only to liens on the land as distinguished from a right in or title to the land itself, and that the sheriff accepts the receipt of an owner at his, the sheriff's, own discretion and risk: Gault v. Tilford, 5 Phila. 6. Of course the petitioner, George Unis, was not a lien creditor and does not come within the terms of the act. But he is the owner of the property thrice over and is the only one who is entitled to the proceeds of the sale over and above the encumbrances, interest and costs, which he offered to pay. To require him to pay the whole amount of the bid to the sheriff with one hand and receive the portion representing the equity in the property in the other hand seems an idle formality and a bit of ineptitude which the law certainly will not regard. There is no doubt about Unis' ownership and his exclusive right to the entire proceeds of the purchase price after payment of encumbrances, costs and interest. To require him to pay $5,425 instead of $971.54, only to receive the difference immediately in return, may deprive him of his rights and property. Our order will protect the sheriff in accepting the receipt: See Segall v. Soifer et al., 29 Dist. R. 729, 735.

And now, December 23, 1935, the rule is made absolute and the Sheriff of Schuylkill County is hereby directed to accept and receive from George Unis, purchaser

at the sheriff's sale on August 11, 1934, in full payment of his bid of $5,425, the amount of $971.54 for debt, interest and costs and a receipt of George Unis for the sum of $4,453.46.          From G. Harold Watkins, Frackville.